RECEIVED
IN ALEXANDRIA, LA
APR 16 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LANE BEGNAUD | CIVIL ACTION NO. 06-1137 |
| versus | JUDGE TRIMBLE |
| BLUE CROSS & BLUE SHIELD FOUNDATION AND HMO LA, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the court are cross-motions for summary judgment filed by both parties in this case.[1] For the reasons expressed herein below, the court finds that plaintiff's motion should be DENIED and defendant's motion should be GRANTED.

I. BACKGROUND

*Relevant Facts*

This suit arises out of a partial denial of health insurance benefits by defendant Blue Cross Blue Shield Foundation and HMO LA, Inc. ("Blue Cross"). The operative policy in this matter was issued to plaintiff's father, James Begnaud, who represents his minor son in this suit.[2] Plaintiff became, at his birth, a covered family member under that policy.[3]

Plaintiff was born prematurely on or about June 3, 2005 at Women and Children's

---

[1] R. 47, 53.

[2] R. 1.

[3] Id.

Hospital in Lafayette, Louisiana. Plaintiff received care upon birth from Pediatrix Medical Group ("Pediatrix"), a "Nonparticipating Provider" with respect to plaintiff's BCBS insurance policy. Plaintiff alleges that BCBS only paid $1660.70 of the total $6356.00 neonatal services bill and that this partial denial of benefits is contrary to the provisions of the health insurance policy itself. Specifically, plaintiff alleges that, due to the emergent nature of his delivery and subsequent sepsis diagnosis and treatment therefor, the care provided by Pediatrix should be classified as "Emergency Medical Services" as that term is defined in the policy at issue. Plaintiff seeks full reimbursement of these billed services.

Plaintiff filed suit against BCBS on June 5, 2006 in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana asserting claims against defendant under La. R.S. 22:657, et seq. and praying for penalties under that statute as well as attorney fees and court costs.[4] Blue Cross timely removed the suit to federal district court on the basis that the health insurance policy at issue constitutes an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA")[5] and that, accordingly, all state law claims by plaintiff are preempted and federal district courts have original jurisdiction over this matter.[6] Upon removal, this case was assigned to Judge Doherty, who later recused herself, and is now before the undersigned. As noted above, both parties have filed for summary judgment in this case. We consider the cross-motions below.

---

[4] R. 1.

[5] 29 U.S.C. § 1001, et seq.

[6] R. 4.

2

*Applicable Standard*

Fed. R. Civ. P. 56 provides that a party claiming relief or defending against such relief may move for summary judgment as to all or a portion of the claims at issue between them.[7] The court should grant summary judgment when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8]

The movant bears the burden of demonstrating that no genuine issue of material fact exists.[9] If the dispositive issue is one as to which the nonmoving party will bear the burden of proof at trial, the moving party may simply point out insufficiency of evidence concerning any essential element of the nonmoving party's claim, after which the burden shifts to the nonmoving party to set out specific facts by submission or reference to supporting evidence which demonstrate that a genuine issue of material fact exists.[10] While a nonmoving party may satisfy its burden with evidence which may ultimately be inadmissible at trial, it may not rest upon the pleadings in response to a summary judgment challenge.[11] The facts and supporting evidence submitted must demonstrate more than some "metaphysical doubt," "conclusory allegation" or "unsubstantiated assertion."[12]

---

[7] Fed. R. Civ. P. 56(a), (b).

[8] Fed. R. Civ. P. 56(c).

[9] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[10] Id. at 322-24.

[11] Fed. R. Civ. P. 56(e); Id. at 325.

[12] Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 261 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)); Little v. Liquid Air Corp., 37 F.3d 1069,

Local Rule 56.1 provides that "every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 provides that every opposition to a motion for summary judgment shall contain a "separate, short and concise statement of material facts as to which there exists a genuine issue to be tried" and all material facts set forth in the moving party's statement are deemed admitted by the nonmoving party unless controverted in the nonmoving party's own statement of material facts.

The court must consider all evidence submitted, but shall not weigh credibility.[13] The court shall, however, view all evidence in the light most favorable to the nonmoving party.[14] If the movant fails to meet its initial burden, the motion must be denied. If the movant meets its initial burden, but the nonmoving party fails to meet its burden, the motion must be granted.[15] The mere fact that the parties have filed cross-motions for summary judgment does not warrant that the court grant either motion if the record reflects the existence of one or more genuine issues of material fact.[16]

## II. ANALYSIS

Finding that participation in employee benefit plans was growing substantially and that the economic impact of this trend was "increasingly interstate" in nature, Congress enacted

---

1075 (5th Cir. 1994).

[13] Anderson, 477 U.S. at 255.

[14] Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987).

[15] Fed. R. Civ. P. 56(e).

[16] Hindes v. United States, 326 F.2d 150 (5th Cir. 1964), cert. denied, 377 U.S. 908 (1964).

ERISA in 1974 in order to protect the interests of participants and interstate commerce.[17] To that end, ERISA preempts all state law claims "insofar as they may now or hereafter relate to any employee benefit plan described in...[29 U.S.C.S. § 1003(a)] and not exempt under...[29 U.S.C.S. § 1003(b)]."[18] A state law is "related to" an employee benefit plan within the meaning of ERISA when it has a "connection or reference to such a plan."[19] State law claims alleging the failure of the insurer to pay the full amount of benefits owed under the policy "relate to" and are, therefore, governed by ERISA.[20] These suits are regarded as "arising under the Constitution, treaties or laws of the United States and shall be removable without regard to the citizenship or residence of the parties."[21]

A plan administrator makes factual determinations concerning the claim for benefits and construes the terms of the benefit plan.[22] We review a plan administrator's factual determinations for abuse of discretion.[23] We typically review a plan administrator's construction of plan terms de novo.[24] But where, as here, the plan at issue grants the administrator "full

---

[17] 29 U.S.C. § 1001(a), (b).

[18] 29 U.S.C. § 1144(a).

[19] Manning v. Hayes, 212 F.3d 866, 870 (5th Cir. 2006) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983)).

[20] Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

[21] 28 U.S.C. § 1441(b); Taylor, 481 U.S. at 66-67.

[22] Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan, 493 F.3d 533, 537-38 (5th Cir. 2007) (citing Chacko v. Sabre, Inc., 473 F.3d 604, 609-10 (5th Cir. 2006)).

[23] Id.

[24] Id. (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).

discretionary authority,"[25] the administrator's construction is also reviewed for abuse of discretion.[26]

Another exception is made when, also as here, the benefit plan at issue is self-administered.[27] In such cases, we must consider conflict of interest as a factor in determining whether or not the administrator abused its discretion, employing the "sliding scale" standard of review.[28] The court will act with less deference to the administrator in proportion to the evidence of conflict before it.[29]

In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously.[30] When the administrative record contains substantial evidence in support of the administrator's decision, the court will not upset the decision under the abuse of discretion standard.[31]

Plaintiff asserts that the record in this case supports his argument that the care he received

---

[25] Administrative Record at p. 57: Contract, Article XXIII, Section A(4). The court also notes that neither party disputes the discretionary authority of the plan administrator in this case.

[26] Wade, 493 F.3d at 538 (internal citations omitted).

[27] Neither party disputes that Blue Cross is also the administrator of the benefit plan at issue in this case.

[28] Wade, 493 F.3d at 538 (citing MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003) and Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 296-97 (5th Cir. 1999)).

[29] Id. (citing Vega, 188 F.3d 287, 296-97).

[30] Id. at 540-41 (citing Aboul-Fetouh v. Employee Benefits Comm., 245 F.3d 465 (5th Cir. 2001); Meditrust Financial Services Corp. v. Sterling Chemicals, Inc., 168 F.3d 211 (5th Cir. 1999) (citing Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994) (quoting Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1014 (5th Cir. 1992)).

[31] Wade, 493 F.3d at 538, 540-41.

from Pediatrix, admittedly a nonparticipating provider, should be considered "Emergency Medical Services" for the treatment of an "Emergency Medical Condition" as those terms are defined in the insurance contract.[32] Plaintiff asserts that Blue Cross' failure to pay the full amount of his claim for medical services is contrary to the express provision of the insurance contract which states, in part,

> **"When A Member Uses Nonparticipating Providers**
>
> \*              \*              \*
>
> However, the Member has the right to file an Appeal with the Company to receive Benefits based on a higher Allowable Charge, if the Member received Covered Services from a Nonparticipating Provider who was the only Provider available to deliver the Covered Service within a seventy-five (75) mile radius of the Member's home or if the Covered Service that the Member received from the Nonparticipating Provider was an Emergency Medical Service."[33]

Blue Cross argues that its payment on plaintiff's claims cannot possibly be construed as an abuse of discretion because plaintiff has actually been afforded benefits beyond what he is entitled to under the contract of insurance.[34] Blue Cross points out that it paid the claims for services by Pediatrix, a nonparticipating provider, as though these physicians were within group at the 70/30 ratio.[35] Blue Cross also points out that, after plaintiff's first level appeal, Blue Cross "increased the allowable charge for each of the services received by 20%, thus increasing the

---

[32]Administrative Record at p. 14: Contract, Article I.

[33]Administrative Record at p. 5: Contract, Introduction.

[34]R. 53 at pp. 4-6.

[35]Id. at p. 5, citing Administrative Record at pp. 105-07.

reimbursement and providing additional benefits" to plaintiff.[36]

The court has considered the arguments of the parties and has reviewed the administrative record in this case. We find that plaintiff has failed to demonstrate that the administrative decision denying further payment of the claims at issue was arbitrary and/or capricious. We also find that plaintiff has failed to allege specific facts which demonstrate a conflict of interest beyond what is naturally inferred from Blue Cross's status as a self-administered plan. Moreover, we find that plaintiff's interpretation of the policy provision cited above is erroneous in that it equates the plan's agreement to consider reimbursement at a "higher allowable charge" with a promise to pay 100% of all costs for "Emergency Medical Services" rendered by nonparticipating providers.

The record before us indicates that plaintiff availed himself of the appeal process and, although he was already receiving reimbursement at a rate beyond what is normally used for nonparticipating providers, was granted a further increase. The court finds that Blue Cross did not act arbitrarily and capriciously in denying further reimbursement because it had already provided benefits beyond the normally applicable policy provisions.

Applying the sliding scale analysis which we find to be proper in this case, we do not find that Blue Cross's administrative decision to deny further reimbursement should be subjected to a significant reduction in the deference due it by this court because, as explained above, plaintiff has failed to demonstrate conflict of interest beyond the bare minimum.[37] We find, as above, that the administrative record in this case contains ample support for Blue Cross's decision and that

---

[36]Id. at p. 6, citing Administrative Record at p. 161.

[37]Wade, 493 F.3d at 541 (citing Vega, 188 F.3d at 301).

the decision complies with the policy language cited by plaintiff in support of further reimbursement.

## III.   CONCLUSION

Applying the standards of proof cited above, we find that plaintiff has failed to carry his burden of demonstrating that no genuine issue of fact exists as to whether or not Blue Cross acted arbitrarily and/or capriciously in its decision, as benefit plan administrator, to deny further reimbursement on his claims for services from Pediatrix. Conversely, we find that Blue Cross has demonstrated the absence of any genuine issue of material fact on this issue. The record contains sufficient evidence which supports its administrative decision and, therefore, we find that Blue Cross's motion for summary judgment should be granted and plaintiff's claims should be dismissed with prejudice.

Alexandria, Louisiana

April 16, 2009

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE